UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE VERNON, ) | |
| ) | |
| Plaintiff, ) | Case No. 21-cv-6463 |
| ) | |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| JOHN and JANE DOE, unknown ) | |
| individuals, SEAN DUFFY, an individual, ) | |
| ROBERT FANNING, an individual, and ) | |
| ROB JEFFREYS, an individual, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Maurice Vernon ("Plaintiff") filed his Second Amended Complaint against John and Jane Doe (unknown individual officers), Sean Duffy,[1] Robert Fanning, and Rob Jeffreys (collectively, "Defendants"), alleging violations of 42 U.S.C. § 1983 for improperly prolonging Plaintiff's incarceration by 175 days due to Defendants' failure to accurately calculate Plaintiff's sentence. Defendants filed a motion to transfer venue pursuant to 28 U.S.C. §§ 1391 and 1404.[2] For the following reasons, the Court grants Defendants' motion to transfer venue [89].

**DISCUSSION**

28 U.S.C. § 1404 governs motions to transfer venue. *See* 28 U.S.C. § 1404(a). A district court has broad discretion to transfer a civil case to another district where the case could have been filed. *In Re Nat'l Presto Indus., Inc.,* 347 F.3d 662, 663 (7th Cir. 2003); 28 U.S.C. § 1404(a). "Transfer is

---

[1] Plaintiff has still not shown proof of service of Defendant Sean Duffy. As Plaintiff has failed to do so, the Court dismisses Sean Duffy from this case.

[2] While this motion was filed nearly four years after the case was opened, the venue issues were not present in the previously complaints that were dismissed based on other deficiencies. As Plaintiff has amended his complaint to only include individual defendants involved in events that only occurred in the Southern District of Illinois, the venue issue is now ripe for adjudication.

appropriate where: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses and will promote the interest of justice." *Sutton v. Apple Inc.,* No. 10-cv-08716, 2011 WL 2550500, at *2 (N.D. Ill. June 23, 2011) (Coleman, J.) District courts conduct an "individualized, case-by-case analysis of convenience and fairness" in adjudicating a motion to transfer venue. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-20 (7th Cir. 1986). The moving party has the burden of establishing the transferee forum is more convenient and fairer. *Coffey,* 796 F.2d at 219-20. In doing so, the court considers private and public interest factors. *Sutton,* 2011 WL 2550500, at *3.

Private interest factors include: (1) plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses. *Amoco Oil Co. v. Mobil Oil Corp.,* 90 F.Supp.2d 958, 959 (N.D. Ill. 2000) (Alesia, J.)

To start, while a plaintiff's choice of forum is usually given substantial weight and should rarely be disturbed, *In Re Nat'l Presto Indus., Inc.,* 347 F.3d 662, 663 (7th Cir. 2003), where a plaintiff does not reside in his chosen forum, deference is "substantially reduced." *Johnson v. United Airlines, Inc.,* No. 12 C 5842, 2013 WL 323404, at *5 (N.D. Ill. Jan. 25, 2013) (Feinerman, J.) Here, Plaintiff claims "[a]ll Individual parties resided in and/or operated in this judicial district and some and/or all events giving rise to this claim occurred within this district." (Dkt. 74, at ¶ 4). As to the residence of Plaintiff, the Second Amended Complaint alleges Plaintiff is a "citizen of Illinois and a lifetime Illinois resident." (*Id.* at ¶ 5). The Second Amended Complaint does not indicate whether Plaintiff currently resides in the Northern District of Illinois. Even assuming Plaintiff currently resides in the Northern District of Illinois, his choice of forum is not dispositive. *Sutton,* 2011 WL 2550500, at *3.

Importantly, the weight allotted to Plaintiff's choice of forum is significantly reduced if the chosen forum has a relatively weak connection with the operative facts that give rise to the claims. *Id.*

2

at *3.  Plaintiff claims that because the underlying criminal matter and the sentencing order, which eventually resulted in the prolonged incarceration, occurred in Cook County, venue in the Northern District of Illinois is proper.  (Dkt. 99, at ¶ 3).  Defendants argue that the Southern District of Illinois is the proper venue because that district is the situs of the material events.  Specifically, Plaintiff was incarcerated in Vandalia Correctional Center, located in the Southern District of Illinois, where Defendants allegedly improperly prolonged Plaintiff's sentence.  (Dkt. 89, at ¶¶ 4-6).  The protracted sentence is the basis of Plaintiff's claims.  (*See* Dkt. 74).  Plaintiff's criminal matter and sentencing, which obviously occurred prior to the events that form the basis of this Complaint, are the only events that took place in the Northern District of Illinois.  In other words, no actions relevant to the claims in the Second Amended Complaint took place in this District.  The first and second factors, therefore, weigh in favor of the Southern District of Illinois.

   As to the remaining public interest factors – ease of access to resources and convenience of parties and witnesses – the Court finds these factors have become less significant due to the technological advances permitting all stages of litigation, including depositions, court hearings, and document production, to be done remotely.  This practice has become even more prevalent since the COVID-19 pandemic.  As the Seventh Circuit reasons, in "our age of advanced electronic communication, including high-quality videoconferencing, changes of venue motivated by concerns with travel inconvenience should be fewer than in the past.  Today documents can be scanned and transmitted by email; witnesses can be deposed, examined, and cross-examined remotely and their videotaped testimony shown at trial."  *In re Hudson,* 710 F.3d 716, 719 (7th Cir., 2013).  Accordingly, the Court finds the three remaining factors to be neutral and not weigh in favor of either forum.

   As to public interest factors, district courts look to (1) docket congestion and the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the relationship of the community to the controversy; and (4) the desirability of resolving controversies

3

in their locale. *Amoco Oil Co. v. Mobil Oil Corp.,* 90 F.Supp.2d at 961-62. In examining the first factor, docket congestion and the speed at which the case will proceed to trial, district courts rely on the Federal Court Management Statistic Reports in comparing two districts. *Schell v. Aldi, Inc.,* No. 21-cv-6654, 2022 WL 900212, at *2 (N.D. Ill. March 28, 2022) (Coleman, J.) For the period ending on June 30, 2025, in the Northern District of Illinois, the time from filing a lawsuit to trial was 56.4 months, and in the Southern District of Illinois, the time from filing a lawsuit to trial was 45 months. Clearly, this factor favors the Southern District of Illinois

As neither side makes any argument as to the second public interest factor – the court's familiarity with the applicable law – the Court turns to the third and fourth public interest factors: the relationship of the community to the controversy and the desirability of resolving controversies in their locale. These factors favor the Southern District of Illinois: Plaintiff was incarcerated in the Southern District of Illinois and Defendants' actions that allegedly extended his incarceration took place in the Southern District of Illinois. As the events forming the basis of the Second Amended Complaint occurred in the Southern District of Illinois, communities in that district are more interested in the controversy than the communities in the Northern District of Illinois and it is more desirable to resolve this controversy in the Southern District of Illinois, where the events occurred.

**CONCLUSION**

Based on the totality of the factors, the Court, in its discretion, finds that the Southern District of Illinois is the proper venue based on the situs of the material events, docket congestion and the speed at which the case will proceed to trial, the relationship of the community to the controversy, and the desirability of resolving controversies in their locale. While this is a 2021 case, the action is still in the early stages of litigation. The Court does not believe that transfer will prejudice the parties and finds the interests of justice support the transfer of this case to the Southern District of Illinois. The Court will defer to the new judge as to whether a stay as to the responsive pleadings is necessary.

Accordingly, the Court grants Defendants' motion to transfer venue [89]. Motion to dismiss is stricken as moot [91]. The Clerk of Court is to transfer this case to the Southern District of Illinois forthwith.

**IT IS SO ORDERED.**

Date: 9/15/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge