IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MAURICE VERNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-cv-1796-DWD |
| | ) | |
| ROB JEFFREYS, | ) | |
| ROBERT FANNING, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on a Motion to Dismiss (Doc. 121) filed by Defendants Jeffreys and Fanning. Plaintiff Maurice Vernon responded (Doc. 126). The underlying lawsuit concerns Plaintiff's allegation that he was held longer than he should have been in the Illinois Department of Corrections. Defendants now argue that the claims against them are barred by the statute of limitations, the second amended complaint fails to allege sufficient personal involvement, and they are entitled to qualified immunity. Plaintiff disagrees on all points. For reasons explained herein, the Motion will be granted. Additionally, the claims against Defendants Sean Duffy, and John and Jane Doe are dismissed, and the case will be closed.

### PROCEDURAL HISTORY

On December 2, 2021, Plaintiff filed a complaint via counsel alleging false imprisonment, unlawful detention, and a violation of his right to due process against the Illinois Department of Corrections. (Doc. 1). He specifically alleged that on December 4,

2019, an Illinois judge deemed his sentence fully served, but he was not released from IDOC custody until approximately 175 days later. (*Id.*). On June 6, 2022, the parties' first status report indicated that they did not agree whether IDOC had been properly served, though counsel had appeared preemptively to file a motion to dismiss. (Doc. 6). Defendants moved for dismissal, but the motion was denied as moot when Plaintiff lodged an amended complaint on November 15, 2022. (Docs. 19, 20). The Amended Complaint again named Defendant IDOC, and it added Defendant Rob Jeffreys in his individual and official capacity. (Doc. 19). The Amended Complaint presented the same three theories as the original complaint and relied upon the same factual allegations. (*Id.*). Defendants moved for dismissal. (Docs. 24, 25). Defendants' motion was granted and the claims were dismissed with prejudice against Defendants IDOC and Jeffreys in his official capacity, and without prejudice against Jeffreys in his individual capacity. (Doc. 34).

Plaintiff was provided 21 days to file an amended complaint, but instead Plaintiff's counsel filed a motion to dismiss on October 5, 2023, indicating counsel had lost contact with Plaintiff for at least a month. (Doc. 35). Plaintiff resurfaced later in October of 2023 and was granted multiple extensions to file an amended complaint. In the interim, counsel sought to merely add parties (Docs. 52, 57), but those motions were denied because there was no operative complaint (Doc. 67). On January 17, 2025, Plaintiff filed a second amended complaint. (Doc. 69). The second amended complaint again named Defendant Jeffreys, and it added Defendant Robert Fanning.  It also added Defendants Sean Duffy, John Doe, and Jane Doe. There is no final indication that Defendant Duffy was served. At most, the docket sheet indicates service was outstanding as of April 4,

2025. (Doc. 76). There is also no indication any efforts were made to timely identify and serve John and Jane Doe. Defendants Jeffreys and Fanning moved for a change of venue and to dismiss the case on April 28, 2025. (Docs. 89, 91). Ultimately, the case was transferred from the Northern District of Illinois to the undersigned on September 15, 2025, and at that time the pending motion to dismiss was denied as moot. (Doc. 108).

Upon receipt, the undersigned noted that Defendants Jeffreys and Fanning had yet to file an answer, but the pending motion to dismiss had been denied as moot, thus the Court invited a responsive pleading from Defendants. On October 29, 2025, Defendants Jeffreys and Fanning moved to dismiss the case for several reasons. (Doc. 121). With multiple extensions, Plaintiff responded on January 9, 2026. (Doc. 126).

### THE SECOND AMENDED COMPLAINT

In the Second Amended Complaint, Plaintiff alleges that on October 7, 2015, he was sentenced to 7 years of incarceration for a drug offense. (Doc. 74 at ¶ 7). He alleges that as early as October 14, 2015, and thereafter, he notified Defendants Jane and John Doe that he needed credit for time previously served, but they failed to secure his immediate release. (*Id.* at ¶¶ 8-9). He alleges that on or around December 4, 2019, Defendants Duffy and Fanning were notified by Plaintiff's attorney and by an order of a Cook County Circuit Judge, that Plaintiff's sentence was fully served. (*Id.* at ¶ 10). Plaintiff alleges that despite this knowledge, "Defendants knowingly continued to imprison and detain Plaintiff for many days thereafter," resulting in approximately 175 days of "unlawful" detention. (*Id.* at ¶ 11). Plaintiff alleges that "on information and belief" Defendants John and Jane Doe, Sean Duffy, and Robert Fanning notified

Defendant Rob Jeffreys of the unlawful detention, but Jeffreys failed to act. (*Id.* at ¶ 12). Plaintiff alleges that further discovery is necessary as to when and how each Defendant personally became aware of Plaintiff's situation. (*Id.* at ¶ 13). Based on the factual assertions, Plaintiff faults all Defendants for false imprisonment, unlawful detention, and due process violations. (Doc. 74 at ¶¶ 14-26). Plaintiff seeks monetary damages.

## MOTION TO DISMISS & PLAINTIFF'S RESPONSE

Defendants Jeffreys and Fanning contend that although the original complaint was filed on December 2, 2021, within days of the two-year statute expiring, they were not alerted to the suit or named until substantially later. (Doc. 121 at 3). Jeffreys was first named on November 15, 2022, nearly three years after the accrual date of December 4, 2019. (*Id.*). Fanning was not named until the filing of the second amended complaint on January 18, 2025. (*Id.* at 3-4). Defendants argue their late naming was not a mistake, and it instead represented a fundamental lack of diligence and understanding of § 1983 actions. (*Id.*). They argue that the late amendment is "not permissible under Rule 15 or its interpreting cases." (*Id.* at 3).

Defendants Jeffreys and Fanning also argue that the complaint does not sufficiently allege personal conduct and cannot rely on supervisory liability. (*Id.* at 4-8). Additionally, they argue that miscalculation of a state sentence does not give rise to liability under the Eighth Amendment in reliance on *Wells v. Caudill*, 967 F.3d 598, 602 (7th Cir. 2020). Finally, they argue they are entitled to qualified immunity because Plaintiff does not complain of a violation of clearly established law. (*Id.* at 9-10).

In response, Plaintiff argues that his second amended complaint relates back to the original timely complaint because it centers on what the Defendant knew or should have known, rather than on Plaintiff's diligence in pursuing his claim. In support of this line of argumentation, Plaintiff cites to *Krupski v. Costa Crociere S.P.A.*, 560 U.S. 538 (2010). (Doc. 126 at 1). Plaintiff goes on to argue that Defendants admit in their motion that Plaintiff's counsel contacted them in December of 2019, meaning they had notice that they were the intended targets of a legal claim regardless of a mistake in legal strategy. (*Id.* at 1-2). Plaintiff also argues that he should be entitled to equitable tolling because for a portion of the relevant time he was homeless and suffered from mental illness. In this vein, Plaintiff argues that he was only able to provide his attorney with helpful information about his case in 2023, that led to the attorney conducting discovery to reveal the identities of Defendants in the summer of 2025. (*Id.* at 3).

As for personal involvement, Plaintiff argues that Defendant Fanning should be held personally liable because he was notified, by Plaintiff or his counsel and by a Cook County Court order, that Plaintiff's sentence was fully served, he had a duty to act to release Plaintiff, and he failed to act. (*Id.* at 3-4). Plaintiff argues that he does not fault Fanning as a supervisor, nor does he fault him for faulty sentence calculation. (*Id.* at 4-5). Turning to Defendant Jeffreys, Plaintiff argues that asserting Jeffreys had notice of his sentence issue "on information and belief" is enough at the pleading stage, regardless of how Jeffreys was really notified of the problem. (*Id.* at 5-6). Plaintiff goes on to postulate that it is entirely plausible to think that Jeffreys would be briefed in some way when his direct subordinates (Fanning and Duffy) learned of a Court order to release Plaintiff. (*Id.*

at 6). Plaintiff also argues that as the head of IDOC, Jeffreys was required under Illinois law to control the custody and release of inmates. (*Id.* at 6).

Plaintiff argues that he has a proper Eighth Amendment claim pertaining to his over incarceration under *Figgs v. Dawson*, 829 F.3d 895 (7th Cir. 2016). He argues that by alleging he was held 175 days beyond his proper release date, he has sufficiently pled an Eighth Amendment claim, even without providing specifics about how his sentence was calculated or credited by IDOC. (*Id.* at 8-9). Finally, Plaintiff argues that the right to a timely release was clearly established. (*Id.* at 9).

## DISCUSSION

A. Legal Standards

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to decide the adequacy of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly,* 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556).

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson,* 910 F.2d at 1520. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sanders v. Melvin,* 25 F.4th 475, 483 (7th Cir. 2022) (internal quotations and citations omitted). When reviewing a Rule 12(b)(6) motion to dismiss, the court is generally limited to the allegations within the four corners of the complaint, along with any exhibits attached to the complaint and any documents attached to the motion that are referenced in and central to plaintiff's claims. *See, e.g., Geinosky v. City of Chicago,* 675 F.3d 743, 745 n.1 (7th Cir. 2012).

Section 1983 claims borrow the statute of limitations for personal injury torts from the state in which the alleged violation occurred. *Wilson v. Garcia,* 471 U.S. 261, 276 (1985); *Ashafa v. City of Chicago,* 146 F.3d 459, 461 (7th Cir. 1998). Illinois' applicable statute of limitations is two years. *Kalimara v. Illinois Dep't of Corrections,* 879 F.2d 276, 277 (7th Cir. 1989). However, federal law determines the date of accrual for calculating the two-year period. *Wilson v. Giesen,* 956 F.2d 738, 740 (7th Cir. 1992). "Generally, a claim accrues when the plaintiff knows or has reason to know of the injury giving rise to the cause of action."

*Id.* Federal Courts also borrow the forum state's principles of tolling (suspension) of a statute of limitations. *Smith v. City of Chicago Heights*, 951 F.2d 834, 839-40 (7th Cir. 1992). Illinois statutes require tolling where "the commencement of an action is stayed by an injunction, order of the court, or statutory prohibition." 735 ILCS 5/13-216.

When a plaintiff seeks to add a new claim or a new defendant to a lawsuit via an amended complaint after the statute of limitations has expired, the court must decide whether the amended pleading "relates back" to the date of the original pleading in the case. FED. R. CIV. P. 15(c). If the relation-back criteria are not met, the claim or defendant should be dismissed. In the case of a newly-asserted claim, it must have arisen "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B).

Rule 15(c)(1)(C) governs where the amended pleading proposes to add a new party or change the name of a party. In that situation, the court makes two inquiries:

> [W]hether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself. "A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose—unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were."

*Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559–60 (7th Cir. 2011) (quoting *Rendall–Speranza v. Nassim,* 107 F.3d 913, 918 (D.C. Cir. 1997); and citing *Wood v. Worachek,* 618 F.2d 1225, 1230 (7th Cir. 1980)). Notably, the naming of a "John Doe" defendant does not constitute a "mistake" within the meaning of Rule 15(c)(1)(C)(ii); it is

a conscious choice made by a plaintiff based on inadequate knowledge. *Herrera v. Cleveland*, 8 F.4th 493, 498-99 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 1414 (2022).

In *Krupski v. Costa Crociere*, 560 U.S. 538, 541 (2010), the Supreme Court held that a plaintiff's misunderstanding about the proper corporate entity to sue did not defeat relation back because the proper entity knew of the suit when it was initiated.  Likewise, in *Joseph v. Elan Motorsports Techs. Racing Corp*, 638 F.3d 555, 569-70 (7th Cir. 2011), the Seventh Circuit concluded that a plaintiff's complaint related back where he named a corporate affiliate and should have named the primary corporation, but the corporation knew of the mistake at the outset before six years of litigation unfolded. Both courts emphasized that the proper corporate entities knew at the outset they should have been sued but for the plaintiff's mistakes.

By contrast, there are many scenarios since *Krupski* and *Joseph* where courts have concluded that relation back did not apply to parties added late to a lawsuit. In *McMurty v. Wexford Health Sources, Inc.*, 2021 WL 1165102 at *10-13 (N.D. Ill. Mar. 26, 2021) a court concluded that an amended complaint did not relate back where it simply added a fifth defendant for a deliberate indifference claim after the statute of limitations had expired. The *McMurty* court reasoned that no mistake occurred at all because the plaintiff knew of the newly added defendant's name at the time of filing the original pleading and simply chose not to bring a claim against the defendant at that time. In *Mann v. Gibbs,* a court concluded that an inmate's amended complaint adding a new *Monell* claim against a county after the statute of limitations ran did not relate back because there was no indication the county was not named in the original complaint due to a misunderstanding

about its identity. 2017 WL 4154862 at *5 (S.D. Ill. Sept. 19, 2017). In *Whitted v. Cook County Sheriff's Office,* 2013 WL 12618663 at * 2-3 (N.D. Ill. May 3, 2013), a court concluded that a plaintiff's second amended complaint substituting named parties for John Doe defendants outside of the statute of limitations did not relate back because plaintiff did not mistakenly sue the wrong parties and instead just failed to ascertain their identity entirely. And, in *Townsend v. Marion County*, 2020 WL 7028039 at * 3-5 (S.D. Ind. Nov. 30, 2020), a court concluded that a defendant did not have notice within the 90 days of the Rule 4(m) service period regardless of the newly added defendant's participation in an investigation of the underlying event months prior to the suit being filed.

B. Analysis

Under Federal Rule of Civil Procedure 15(c)(1)(C), the Court first considers if the amendment changes a party or the naming of a party within the period for service allowed by Rule 4(m), which is 90 days. *See e.g., Townsend*, 2020 WL 7028039 at * 3-4. Here, the original complaint was filed on December 2, 2021, so the 90-day period would have run on March 2, 2021. As a court explained in *Townsend*, securing leave to amend a complaint does not automatically extend the time for service for purposes of relation back. *Id.* at 3-4. In this case, the docket sheet does not reflect that Plaintiff ever sought an extension of time under Rule 4(m) for service, so to qualify for relation back the Plaintiff would need to establish that by March 2, 2021, Defendants Fanning, Jeffreys, and the others, had notice of the claim against them and would not be prejudiced by now having to defend the claim on the merits. *Id.*; FED. R. CIV. P. 15(c)(1)(C)(i)-(ii).

The complaint solely named the Illinois Department of Corrections, and it asserted that the IDOC had notice that Plaintiff's sentence was not being lawfully executed prior to December 4, 2019. The original complaint made no mention of individual department employees, and there is no indication that the department informed Plaintiff of his mistake or knew of it immediately as was such in *Krupski* and *Joseph.* There is no firm indication that Jeffreys, Fanning, or any of the other defendants had notice that they might be parties to this suit or that IDOC was improperly named as the party when it should have been them by March 2, 2021. Thus, it is possible that Plaintiff's addition of Defendants Jeffreys in the amended and second amended complaint, and Fanning in the second amended complaint was simply too late under 15(c)(1)(C).

Plaintiff argues in his response to the motion to dismiss that Defendants admit in their motion that "Plaintiff's lawyer communicated with Defendants [Duffy and Fanning] in 2019," and thus, he argues Defendants knew that but for a mistake of legal strategy they would be sued. This line of argumentation is not persuasive for at least two reasons as illuminated by *Townsend*, 2020 WL 7028039 at * 3-4. First, communication about an issue years before litigation arises does not give official fair notice that a lawsuit will arise in the future. Like the Court in *Townsend* reasoned, the officer seeking dismissal from that case could not have been considered to have notice of a future lawsuit simply because he participated in an internal investigation about something at work months prior. It is not reasonable to assume that simply because Defendants Jeffreys, Fanning, or other IDOC officials allegedly received mention of a sentence calculation issue in December of 2019, they then assumed they would later be sued for it. Second, if Plaintiff's lawyer

communicated with Duffy, Fanning, or other defendants in 2019, then the failure to name them as individuals responsible for the wrongdoing in the complaint in December of 2021 was a deliberate choice and not a mistake. *See e.g.*, *McMurty*, 2021 WL 1165102 at *10-13 (a plaintiff who knew defendant's identity at the time of original filing but simply did not name them did not make a mistake).

In *Krupski* and *Joseph*, the courts considered scenarios where plaintiffs had clear legal theories against corporate entities, and they improperly named the wrong portion of a corporate entity. *Krupski* named the American marketing branch of a foreign-based cruise line, and after service the marketing subsidiary notified plaintiff's counsel on numerous occasions that it needed to name the foreign parent company. 560 U.S. at 543-44. By the subsidiary repeatedly raising the issue, the parent company could not claim ignorance of the suit. Likewise in *Joseph*, an employee brought a suit against Elan Corp., which was affiliated with Elan Inc., but was not the party to his employment contract. 638 F.3d at 559. The plaintiff in *Joseph* served his complaint on an employee of yet another Elan affiliate who was responsible for supervising plaintiff's services to Elan Inc. under his employment contract. Thus, the court reasoned that because the person who accepted service was a de facto employee of Elan Inc. and immediately recognized the mistake, Elan Inc. had timely notice for purposes of relation back.

The present case is unlike *Krupski* and *Joseph* because there is no indication that Defendants Jeffreys, Fanning, or the others learned of the suit by March 2, 2021, and realized it should have been filed against them. The plaintiffs in *Krupski* and *Joseph* had the right legal theory but simply named the wrong person, but in this case, plaintiff's

counsel had an invalid legal theory *and* named the wrong person. In this case, IDOC was the only defendant and thus the only party that had notice, but IDOC is not subject to suit under § 1983. The suit was filed on December 2, 2021, but there is no executed summons for IDOC on the docket sheet, and no one appeared for IDOC until April 6, 2022. It is not clear even if IDOC received notice by March 2, 2021, so it is hard to say other officials like the Defendants knew IDOC was improperly sued within the 90-day period for service. The amended complaint did not add Defendant Jeffreys until nearly an entire year later, November 15, 2022, and the second amended complaint added Defendant Fanning on January 17, 2025, more than three years later. The Court is not persuaded that Fanning and Jeffreys knew that they would be eventual parties to a suit filed against IDOC using an incorrect legal theory.

Even if Defendants Jeffreys and Fanning became aware of the lawsuit at some point before November of 2022 or January of 2025, they could still be prejudiced by relation back in this case. Thinking that a lawsuit was lodged against IDOC using a faulty legal theory is much different than thinking as an official of that agency that you may be facing personal liability for the events alleged. At the time the second amended complaint was filed, more than five years had transpired since the underlying events without Jeffreys or Fanning having reason to think they needed to maintain evidence about their personal conduct or rational for acting any given way in relation to Plaintiff's sentence. It is easy to imagine how they could now be prejudiced in their ability to defend against the allegations in this case on the merits. Thus, the Court concludes that relation back is not appropriate for the claims against Jeffreys, Fanning, and the others added in the

second amended complaint, and the second amended complaint must be dismissed as time barred. The same analysis applies for the claims against Defendants Duffy, John Doe, and Jane Doe.[1]   Because it is apparent on the face of the complaint that the untimeliness issue extends equally to Duffy and John and Jane Doe, the Court finds it appropriate to dismiss these parties.

Plaintiff argues that he should be entitled to equitable tolling because he suffers from mental illness, was homeless during some of the lawsuit, and lost touch with counsel for a brief period in 2023, but this line of argument is not persuasive. First, Plaintiff argues by citation to *Krupski* that his own diligence or mistake is not the crux of the analysis, and the focus should solely be on what Defendants knew. If this is the case, it is not apparent why counsel would then circle back to arguing that Plaintiff's diligence, or inability to be diligent, qualifies him for equitable tolling. Second, even if some tolling were theoretically warranted for Plaintiff's brief period of no contact in 2023, that does not explain why it took counsel more than a year after Plaintiff resurfaced to file the second amended complaint. Plaintiff cites to *Holland v. Florida*, 560 U.S. 631 (2010), a death penalty habeas case for the proposition that reasonable diligence, rather than optimum diligence, is required when considering equitable tolling, but the case bears little similarity to this case.  *Holland* was filed only five weeks after the applicable statute, and it was filed pro se after the petitioner had repeatedly asked counsel to file a timely petition

---

[1] Additionally, for John or Jane Doe defendants, failing to identify a defendant in a timely fashion is not a mistake for purposes of Rule 15's relation back analysis.  *See e.g.*, *Herrera*, 8 F.4th at 498-99 (naming a John Doe is not a mistake for purposes of relation back); *McMurty*, 2021 WL 1165102 at *10-13 (a plaintiff who knew defendant's identity at the time of original filing but simply did not name them did not make a mistake).

to no avail. The Court noted that the petitioner repeatedly asked counsel to act on his behalf and promptly filed a petition as soon as he realized counsel had failed, actions the court characterized as reasonable, even if not maximally diligent. In this case, the delay did not last only as long as Plaintiff's unavailability, it lasted much longer. Thus, the Court does not find that Plaintiff pursued his rights diligently but was prevented from filing earlier due to a lengthy extraordinary circumstance.

Alternatively, the Court also is not persuaded that Plaintiff has alleged sufficient personal involvement by Defendants Jeffreys and Fanning in the second amended complaint. Plaintiff's assertions remain speculative and conclusory. He baldly asserts that on or around December 4, 2019, his counsel notified Fanning and Duffy, and at the same time they received notice that a Cook County Court deemed Plaintiff's sentence served. (Doc. 74 at ¶ 10). But the complaint fails to say how notice was specifically provided, was it an email, a letter, a conversation? And it also fails to explain who Fanning or Duffy are in the IDOC bureaucracy, and what about their roles gave them authority or the responsibility to intervene concerning Plaintiff's imminent release. While a complaint is not expected to get every granular detail right, Plaintiff still has not proceeded beyond a mere assumption that Fanning and Duffy are responsible.

The second amended complaint also alleges vaguely that Defendants Fanning and Duffy notified Defendant Rob Jeffreys and Jeffreys failed to act, but it does not specify who Jeffreys is, when he was notified, or why he was the right party to act. Plaintiff's response to the motion to dismiss is slightly more illuminating, arguing that Jeffreys was the Director of IDOC and must have been notified by other high-level officials such as

Duffy or Fanning via some unknown internal communication system. Plaintiff argues he simply cannot know more particulars until he can conduct extensive discovery, but the docket sheet reflects that some discovery was already conducted in this matter, and it does not really make sense how Plaintiff can simultaneously assert in the complaint that he or his attorney notified Defendants of issues as early as 2015 or 2019, and then argue in his response to the motion to dismiss that he has no idea how it happened and needs more discovery to flush out his claim.  Personal liability is a crux of claims under § 1983, and Plaintiff's vague assertions in the second amended complaint are far from explaining how Defendants Jeffreys and Fanning personally acted to cause him harm. Thus, the Court also finds that dismissal is warranted for Plaintiff's utter failure to plead personal liability against Jeffreys or Fanning.

Finally, Defendants argue that there is no basis under the Eighth Amendment to recover for over-incarceration by citation to *Wells v. Caudill*, 967 F.3d 598 (7th Cir. 2020), and Plaintiff counters that *Figgs v. Dawson*, 829 F.3d 895 (7th Cir. 2016) paves the way for such a claim.  Interestingly, both cases appear at first read to address remarkably similar subject matters, but the *Wells* Court gave no indication that it was overruling *Figgs*. Because the undersigned has already concluded that there are multiple reasons to dismiss this case, it is unnecessary to resolve this issue.

In sum, the Court finds that the second amended complaint does not meet the requirements for relation back, so the claims against Defendants Jeffreys, Fanning, John and Jane Doe, and Duffy are barred by the statute of limitations and must be dismissed. Additionally, the Court finds that Plaintiff has failed to state a valid claim against

Defendants Jeffreys and Fanning. Further, an alternative basis for dismissal at this point against Defendants Duffy and John and Jane Doe is that they have not been timely served in this matter and no extension has been sought, and Plaintiff has failed to plead a plausible claim against them for personal involvement in a violation of his constitutional rights. Thus, Defendants' Motion to Dismiss is granted, and the Court also dismisses Duffy, John Doe, and Jane Doe.

### DISPOSITION

**IT IS HEREBY ORDERED THAT** Defendants Jeffreys' and Fanning's Motion to Dismiss (Doc. 121) is **GRANTED** because the claims against them in the second amended complaint are barred by the statute of limitations. Furthermore, the second amended complaint is dismissed as time-barred against Defendants Duffy, John, and Jane Doe. The Clerk of Court shall enter judgment and **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: August 7, 2026

_____
DAVID W. DUGAN
United States District Judge